UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES, | ) | CR 06-656(A) SVW |
| | ) | |
| Plaintiff, | ) | ORDER SETTING EVIDENTIARY |
| | ) | HEARING RE DEFENDANTS' MOTION |
| v. | ) | TO DISSOLVE PRECONVICTION |
| | ) | RESTRAINING ORDER |
| GEORGE TORRES-RAMOS, et al., | ) | [409] |
| | ) | |
| Defendants. | ) | |

On September 15, 2008, the Court held a hearing regarding Defendants' Motion to Dissolve the Preconviction Restraining Order. Defendant George Torres-Ramos seeks an evidentiary hearing for the purpose of challenging the restraining order currently placed on rent payments and interest from a note acquired in the sale of Defendant's Numero Uno supermarket business.

The Court finds that the proper course of action is to hold an evidentiary hearing, where the government will have the burden of demonstrating that it is likely to convince a jury that (1) the defendant is guilty of the charged offenses, and (2) the property at issue will be forfeitable pursuant to 18 U.S.C. § 1963(a). See United States v. Crozier, 674 F.2d 1293, 1298 (9th Cir. 1982); United

States v. Spilotro, 680 F.2d 612, 618 (9th Cir. 1982); United States v. Roth, 912 F.2d 1131, 1134 (9th Cir. 1990).

The prosecution should be prepared to demonstrate a likelihood of proving each element of the charged RICO violations. The parties should refer to the Court's earlier Order Denying Defendants' Motion to Dismiss, issued June 2, 2008. In that Order, the Court addressed each of the required elements, and raised certain concerns regarding whether the government would be able to ultimately prove these elements at trial.

The Court further finds that strict adherence to the Federal Rules of Evidence is not required at the evidentiary hearing. 18 U.S.C. § 1963(d)(3) expressly states that "[t]he court may receive and consider" inadmissible evidence. Notably, § 1963(d)(3) is permissive, not mandatory; it _allows_ the Court to consider inadmissible evidence, but does not _require_ the Court to consider only inadmissible evidence. Thus, the Court could require a higher evidentiary standard without taking the drastic step of declaring the statute unconstitutional.

The statute's legislative history makes it clear, however, that Congress intended to abrogate previous Ninth Circuit decisions, such as Crozier and Spilotro, to the extent that they permitted only admissible evidence at post-indictment hearings. S. Rep. No. 225, 98th Cong., 2d Sess. 196 (1983). The legislative history reads:

> Certain recent court decisions have required the government to meet essentially the same stringent standard that applies to the issuance of temporary restraining orders in the context of civil litigation and have also held the federal rules of evidence apply to hearings concerning restraining orders in criminal

       forfeiture cases.  [United States v. Crozier, 674 F.2d 1293 (9th Cir. 1982).] . . . [T]hese requirements may make pursuing a restraining order inadvisable from the prosecutor's point of view because of the potential for damaging premature disclosure of the government's case and trial strategy and for jeopardizing the safety of witnesses and victims in racketeering and narcotics trafficking cases who would be required to testify at the restraining order hearing.

Id.  In light of Congress's expressed concerns, the Court will not require strict adherence to the Federal Rules of Evidence at the hearing.

     That is not to say, however, that the parties should disregard the Federal Rules of Evidence altogether.  The Court will allow the prosecution to submit inadmissible evidence.  However, the extent to which the prosecution chooses to rely on inadmissible evidence could affect the Court's determination of whether the prosecution has met its burden of demonstrating likelihood of success.  In other words, if the prosecution relies exclusively on inadmissible evidence, then the Court might not be able to find that the prosecution will be able to produce sufficient admissible evidence to obtain a conviction at trial.

     The defense will also be given an opportunity to cross-examine the prosecution's witnesses.  See Crozier, 674 F.2d at 1297.  This will allow the Court to assess the reliability of the information and determine whether the prosecution will be able to obtain a conviction at trial.

     Finally, regarding the forfeitability of the property, the prosecution should be prepared to demonstrate how the specific

assets, the rent payments and interest on the note, are forfeitable pursuant to 18 U.S.C. § 1963(a).  The prosecution represented multiple theories under which the assets could be forfeited.  Thus, the prosecution is advised to present evidence to support each theory.

The evidentiary hearing will be held on October 15, 2008, beginning at 9:00 am.

       IT SO ORDERED.

DATED:   September 17, 2008

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

4